UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABIAN YOUSIF ISRAEL KHAMO,<br>Plaintiff,<br>v.<br>DEPARTMENT OF HOMELAND SECURITY SECRETARY, et al.,<br>Defendants. | Case No. 25-cv-06500-SVK<br><br>**ORDER OF TRANSFER** |

Petitioner, a California prisoner at Atascadero State Hospital proceeding without an attorney, filed this petition for a writ of habeas corpus. The petition does not challenge Petitioner's state court conviction or sentence. Rather, the petition challenges a detainer by the Department of Homeland Security Immigrations and Customs Enforcement ("ICE") and therefore falls under 28 U.S.C. § 2241. *See Bello-Reyes v. Gaynor*, 985 F. 3d 696, 698-99 (9th Cir. 2021) (habeas petition filed by immigrating detainee awaiting removal proceedings falls under 28 U.S.C. § 2241); *compare* 28 U.S.C. § 2254 (providing habeas remedy for prisoners in state custody challenging their state court conviction or sentence).

For habeas petitions under 28 U.S.C. § 2241, "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988); *see also McCoy v. United States Bd. of Parole*, 537 F.2d 962, 966 (8th Cir. 1976) ("Once the custodian of the petitioner is properly served, the question is no longer jurisdictional, but one of the most convenient forum for litigation."). Transfer to a different district may be ordered on grounds of convenience. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 n.15 (1973); *McCoy*, 537 F.2d at 966.

Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties" for petitions under Section 2241, *McCoy*, 537 F.2d at 966, and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a), *see id.*; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). This practice is supported by the fact that a prisoner's records follow him to the place of incarceration and in that it promotes uniformity in the filing of Section 2241 petitions; in contrast, a system that allows a prisoner in California to challenge the execution of his federal sentence in any of the four district courts within the state, since they all have personal jurisdiction over any California custodian, works against this. A transfer to the district of confinement on convenient forum grounds is therefore preferable, and no undue delay will be caused by such a transfer in this case as it was only filed very recently, on August 1, 2025.[1]

As Petitioner challenges the validity of an ICE detainer under Section 2241, the preferable forum is the district of his confinement. He is confined in Atascadero, California, in San Luis Obispo County, which is located within the venue of the Central District of California. *See* 28 U.S.C. § 84(c).

Accordingly, in the interest of justice and for the convenience of the parties, *see* 28 U.S.C. § 1414(b), this case is TRANSFERRED to the United States District Court for the Central District of California.

The Clerk shall transfer this matter forthwith.

**SO ORDERED.**

Dated: August 4, 2025

Susan van Keulen
United States Magistrate Judge

---

[1] Although different parts of the petition reflect different dates of preparation, the earliest of which as early as May, 2025, the petition was not received in the Northern District of California until July 28, 2025.